IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CINDY BARKHURST,** | 07-CV-426-BR |
| Plaintiff, | ORDER |
| v. | |
| **MIKE JOHANNS,** Secretary of the Department of Agriculture, | |
| Defendant. | |

**ELIZABETH McKANNA**
McKanna Bishop Joffe & Arms, LLP
1635 N.W. Johnson Street
Portland, OR 97209
(503) 226-6111

**MARY DRYOVAGE**
Law Offices of Mary Dryovage
600 Harrison Street, Suite 120
San Francisco, CA 94107
(415)593-0095

       Attorneys for Plaintiffs

1 - ORDER

**BRITANNIA I. HOBBS**
**JAMES E. COX, JR.**
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1117

       Attorneys for Defendants

**BROWN, Judge.**

    In his Motion for Summary Judgment (#14), Defendant moved for summary judgment on Plaintiff's claims, in part, on the ground that Plaintiff had not exhausted her administrative remedies as to each alleged act of discrimination.  Plaintiff's Response to Defendant's Motion, however, did not address the exhaustion issue.  As the Court prepared for oral argument on Defendant's Motion, it became clear that the record was inadequate to resolve that portion of Defendant's Motion.

    On March 20, 2008, the Court notified the parties that the record was not clear as to the facts relating to Plaintiff's exhaustion of her administrative remedies and requested the parties to confer and to provide a joint chronological statement of the facts related to the exhaustion issue, including the dates of each alleged act of discrimination, the specific substance and dates of Plaintiff's informal contacts with EEO Counselors, the dates of any notices to file formal complaints, and the dates and final resolution of any formal complaints filed.  On March 25,

2 - ORDER

2008, the parties submitted their Joint Response (#32) to the Court's request for a chronological statement of the facts.

On March 26, 2008, the Court heard oral argument on Defendant's Motion.  At the hearing, the Court requested Plaintiff and Defendant to file an amended chronological chart setting out the acts of discrimination and/or retaliation alleged by Plaintiff and Plaintiff's administrative actions related to those allegedly unlawful acts by Defendant with appropriate citation to the record.  The Court also permitted the parties to file supplemental memoranda on the issue of exhaustion of administrative remedies for the purpose of identifying each act of discrimination alleged by Plaintiff and whether Plaintiff exhausted her administrative remedies for each of those alleged acts of discrimination; *i.e.*, whether Plaintiff initiated contact with an Equal Employment Opportunity (EEO) Counselor within 45 days of the alleged act of discrimination, whether she filed a formal complaint within 15 days of receiving a notice of her right to file such a claim from the EEO Counselor, etc.  The Court instructed the parties to rely only on the record before the Court related to Defendant's Motion for Summary Judgment and to cite specifically to those portions of the existing record that substantiate each of Plaintiff's contentions that she exhausted her administrative remedies before filing a Complaint in this Court.

3 - ORDER

In the Amended Joint Response (#35) to the Court's request for a chronological statement of the facts, Plaintiff set out eleven factual entries that are not supported by a citation to any record.  To support other factual entries, Plaintiff cites to parts of the administrative record that do not appear to be in the record before the Court.  Plaintiff also cites to pages and exhibits using designations pertaining to the administrative record rather than to the designations used by the parties in the declarations and exhibits submitted with the parties' briefing on Defendant's Motion.  The Court notes it is not the responsibility of the Court to identify the parts of the record that support Plaintiff's arguments nor can the Court properly assess factual contentions when the pertinent parts of the record are not before the Court.

In light of Plaintiff's apparent failure to comply with the Court's repeated directions to specify the bases of her opposition to Defendant's exhaustion argument and to provide support for her arguments in the record that existed as of the date of oral argument, the Court intends to strike the Amended Joint Response to the Court's Inquiry of March 20, 2008 (#35); Plaintiff's [Supplemental] Memorandum of Points and Authorities Regarding Exhaustion of Administrative Remedies (#36); and, as a consequence, Defendant's Response to Plaintiff's Supplemental Brief Regarding Exhaustion of Administrative Remedies (#37)

4 - ORDER

unless, by July 18, 2008, Plaintiff makes a showing of good cause why the Court should not do so.  If the Court strikes these supplemental materials, the Court would adjudicate the portion of Defendant's Motion for Summary Judgment that challenges Plaintiff's exhaustion of her administrative remedies on the original pleadings and record presented to the Court related to Defendant's Motion for Summary Judgment.

The Court notes Defendant has objected to the scope of Plaintiff's filings.  The Court, however, will not find helpful any additional briefing by Defendant.  Accordingly, no response from Defendant shall be permitted regarding this Order.

IT IS SO ORDERED.

DATED this _9th_ day of July, 2008.

> ____/s/ Anna J. Brown____
> ANNA J. BROWN
> United States District Judge